# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:25-cv-00054-MR

| | | |
|---|---|---|
| MARK LEE JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| LESLIE COOLEY DISMUKES, | ) | |
| Secretary of the North Carolina | ) | |
| Department of Adult Correction, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by Mark Lee Jones (herein "Petitioner"). [Doc. 1]. Also before the Court are the Petitioner's renewed Motion to Appoint Counsel [Doc. 12], his Motion to Dismiss his state charges and sentence [Doc. 13], and the Respondent's Motion for Summary Judgment. [Doc. 16].

## I.    BACKGROUND

The Petitioner is a prisoner of the State of North Carolina. [Doc. 1]. On October 7, 2021, he was convicted by a jury in Anson County Superior Court of: (1) Robbery with a Dangerous Weapon; (2) two counts of Second-Degree Kidnapping; (3) First-Degree Burglary; (4) Felony Larceny; (5) Conspiracy to

Commit Robbery with a Dangerous Weapon; (6) Conspiracy to Commit Second-Degree Kidnapping; (7) Conspiracy to Commit First-Degree Burglary; (8) Possession of a Stolen Motor Vehicle; and (9) two aggravating sentencing factors (a) possession of a deadly weapon at the time of the crimes and (b) within the past 10 years, having been found in willful violation of probation in a separate case. [Doc. 17-3 at pp. 2-12]. The trial court consolidated various convictions and entered four consecutive judgments imposing an aggregate sentence upon the Petitioner of 292 to 400 months imprisonment. [Doc. 17-4 at pp. 2-17]. The Petitioner noticed a timely appeal.

On appeal, the Petitioner argued that the trial court erred by failing to dismiss the second-degree kidnapping counts as well as two of the three conspiracy counts, and that the evidence failed to support the willful probation violation aggravating factor. [Doc. 17-5 at pp. 18; 32]. On June 6, 2023, the North Carolina Court of Appeals issued an unpublished opinion vacating one conspiracy conviction (leaving two), vacating the willful probation violation aggravating factor (leaving one), and remanding the case for resentencing. State v. Jones, No. COA22-454, slip op. at pp. 3-11 (N.C. App. 2023). Petitioner did not seek discretionary review by the North Carolina Supreme Court. [Doc. 1 at 2-3].

On remand, the state trial court resentenced the Petitioner July 26, 2023, again entering four consecutive judgments, to an aggregate sentence of 243 to 388 months imprisonment. [Doc. 17-8 at pp. 2-16]. The Petitioner did not seek a direct appeal following his resentencing hearing. Instead, on March 12, 2024, the Petitioner filed a Motion for Appropriate Relief ("MAR") in the state trial court. [Doc. 17-9 at pp. 2-11]. On April 11, 2024, the Petitioner filed both a Motion for Leave To Amend Petition for Post Conviction Relief, and an Amended Motion for Appropriate Relief. [Doc. 17-10 at pp. 2-9]. The state trial court denied the Petitioner's MAR and associated filings in an order entered April 17, 2024. [Doc. 17-11].

On May 21, 2024, the Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the trial court's order denying his MAR. [Doc. 17-12]. By order entered May 28, 2024, the state appellate court dismissed without prejudice the Petitioner's writ petition due to his failure to include sufficient supporting documents. [Doc. 17-13]. Petitioner never sought to refile his state appellate petition.

In accordance with the Rules Governing Section 2254 Cases in the United States District Courts, the Court reviewed the petition and attached exhibits. Rule 4, 28 U.S.C.A. foll. §2254. The Petitioner raises the following four claims in his § 2254 petition: 1) ineffective assistance of trial counsel

during jury selection; 2) the State contaminated the crime scene preventing Petitioner from obtaining exculpatory evidence; 3) ineffective assistance of trial counsel due to said attorney's hearing loss which prevented counsel from hearing the witnesses' testimony thus impacting his ability to examine them; and 4) the State committed a Due Process violation by allowing one of its witnesses to conduct a pretrial investigation of the Petitioner to enable said witness to thereafter identify the Petitioner during trial. [Doc. 1 at pp. 5-11]. The Petitioner asks this Court to issue its writ of habeas corpus to release him. [Doc 1 at 14].

Thereafter, the Petitioner filed, among other things, two motions to amend his petition [Docs. 5; 7]. The first motion sought to add a fifth claim that the state violated Petitioner's Due Process rights when it resentenced him to the same length of imprisonment following the North Carolina Court of Appeals' vacatur of his sentences. [Doc. 5 at 1]. The second motion reiterated claims Petitioner previously alleged in his petition. [Doc. 7 at pp. 1-2]. By Order entered September 22, 2025, the Court granted Petitioner's first motion to amend and dismissed the second as redundant. [Doc. 10]. Thus, Petitioner has five claims pending in this action.

In conducting its initial review of the petition, the Court could not conclude from the record before it that the Petitioner was not entitled to relief.

§ 2254 Rule 4, <u>supra</u>. Consequently, the Court directed the Respondent to answer or otherwise plead to the petition as amended. [Doc. 10].

On December 22, 2025, the Respondent filed an Answer [Doc. 15], a Motion for Summary Judgment [Doc. 16], and a Memorandum with exhibits. [Doc. 17]. Respondent asserts in her summary motion that she is entitled to a judgment in her favor as a matter of law. [Docs. 16; 17]. In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court issued an Order advising the Petitioner, who is proceeding <u>pro</u> <u>se</u>, of the heavy burden that he carries in responding to Respondent's summary judgment motion. [Doc. 18]. In its Order, the Court notified the Petitioner that any response, exhibits, evidence, or affidavits he wished to file in opposition to the Respondent's summary judgment motion, must be filed by February 27, 2026. [<u>Id.</u> at pp. 5-6].

The Petitioner, on February 23, 2026, filed an affidavit as his Response to the Respondent's summary judgment motion. [Doc. 19]. The Respondent filed her Reply thereto on March 2, 2026. [Doc. 20]. The Respondent's summary judgment motion is now ripe for adjudication.

## II.    DISCUSSION

In her Memorandum in support of her summary judgment motion, the Respondent raises, among other things, the statute of limitations affirmative

defense to defeat the Petitioner's claims. [Doc. 17 at pp. 9-11]. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a "properly filed" application for State post-conviction action. 28 U.S.C. § 2244(d)(2).

Following the Petitioner's trial and initial sentencing, he noticed a direct appeal to the North Carolina Court of Appeals. The appellate court affirmed most of the Petitioner's convictions but vacated his sentences and remanded

his case to the trial court for resentencing. The trial court resentenced the Petitioner on July 26, 2023, from which no direct appeal was taken by the Petitioner. Under North Carolina procedural law, the Petitioner had 14 days to file a notice of appeal. See N.C.R. App. 4(a)(2) (providing 14 days in which to seek appellate review of criminal judgment and conviction).  Accordingly, the Petitioner's judgments became final on August 9, 2023, fourteen days after the trial court conducted its resentencing hearing, imposed new consecutive sentences, and entered its amended judgments. The one-year statute of limitations contained in the AEDPA thus began to run August 9, 2023, and continued to run for 216 days until March 12, 2024, when the Petitioner filed his MAR in the state trial court. See 28 U.S.C. § 2244(d)(2) (a timely filed post-conviction collateral action tolls the limitations period). When the North Carolian Court of Appeals dismissed without prejudice the Petitioner's petition for writ of certiorari on May 24, 2024, the running of the limitations period resumed for 149 days until it expired on Thursday, October 10, 2024.  The Petitioner's § 2254 petition filed herein on January 24, 2025, is therefore untimely and must be dismissed absent the application of equitable tolling.

Equitable tolling of the statute of limitations for an otherwise untimely § 2254 petition may apply where a petitioner demonstrates "(1) that he has

7

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

In his § 2254 petition, the Petitioner failed to answer Question 18 which requires the applicant to explain why the one year statute of limitations does not bar the § 2254 petition when the pertinent judgment of conviction became final more than one year before the § 2254 petition was filed. Likewise, the Petitioner, in his Response to the Respondent's summary judgment motion, failed to address at all the Respondent's assertion that this action is untimely. The Petitioner, therefore, has made no showing that he has been diligently pursuing his rights or that any extraordinary circumstances prevented him from timely filing his petition. The Court concludes as it must that equitable tolling of the limitations period should not be applied here. The Court will dismiss his § 2254 petition as untimely.

## IV. CONCLUSION

For the reasons stated herein, the Petitioner is entitled to no relief. The Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] shall be dismissed as untimely and his pending motions shall be denied as moot. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court shall decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED**:

1.      The Respondent's Motion for Summary Judgment [Doc. 16] is **GRANTED.**

2.      The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

3.      The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

9

4.     The Petitioner's renewed Motion to Appoint Counsel [Doc. 12] and his Motion to Dismiss his state charges and sentence [Doc. 13] are both **DENIED as moot.**

5.     The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: May 8, 2026

Martin Reidinger
Chief United States District Judge